# UNITED STATES DISTRICT COURT
Western District of Kentucky
Bowling Green Division

| | |
|---|---|
| Tabitha Ann Bernard<br>　*Plaintiff*<br><br>v.<br><br>James E. Bruce<br>　*Defendant*<br>Serve:<br>　James E. Bruce<br>　1724 South Virginia Street<br>　P.O. Box 603<br>　Hopkinsville, KY 42241-0603 | Case No.  1:22-CV-64-GNS |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.　This is an action by Plaintiff Tabitha Ann Bernard as a consumer against Defendant James E. Bruce for his violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

### JURISDICTION and VENUE

2.　This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d), and 28 U.S.C. § 2201. Venue is proper because the nucleus of facts and events at issue in this case arose in Russell County, Kentucky where Plaintiff is domiciled and which is located in this district.

### PARTIES

3.　Plaintiff Tabitha Ann Bernard is a natural person who resides in Russell County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.　Defendant James E. Bruce ("Bruce") is a Kentucky collection attorney engaged in the business of collecting debts on behalf of others, such as Mariner Finance, LLC. Mr. Bruce's principal place of business is located at 1724 South Virginia Street, Hopkinsville, KY 42240.

5.      Mr. Bruce regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Mr. Bruce's principal business purpose is the collection of debt. Mr. Bruce is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6.      On December 17, 2015, Plaintiff Tabitha Ann Bernard entered into a personal loan with Heights Finance Corporation ("Heights") (the "Heights Note"). A true and accurate copy of the Heights Note is filed as Exhibit "A."

7.      Heights operates as a consumer loan company in the Commonwealth of Kentucky and is subject to Kentucky's consumer loan company statutes, KRS 286.4-410 *et seq.* These statutes provide the regulation and restrictions on the scope and breadth of Heights's loan operations in Kentucky.

8.      Ms. Bernard used the proceeds from the Heights Note exclusively for personal, family, and/or household purposes, which makes the Heights Note a "debt" within the meaning of the FDCPA.

9.      The Heights Note was a precomputed finance charge loan that included a liquidated finance charge of $194.52 added to the loan principal up-front, instead of accruing interest. The annual percentage rate ("APR") of the Heights Note was stated as 40.79%.

10.     The Heights Note gave Heights a security interest in certain "Household Goods" belonging to Ms. Bernard and contained an embedded security agreement.

11.     The Heights Note states that, in the event of default or the enforcement of the Heights Note's security agreement, Ms. Bernard would agree to pay "**reasonable attorney's fees paid** to an attorney who is not your employee" (bolding added):

> Costs of Collection and Attorney's Fees. I agree to pay you all fees, costs and expenses you incur to enforce this loan or realize on any property securing this loan. This includes your reasonable attorney's fees paid to an attorney who is not your employee and court costs.

12.     Ms. Bernard defaulted on the Heights Note.

13.     On April 29, 2021 Defendant Bruce drafted and filed a complaint against Ms. Bernard on behalf of Heights in the Russell District Court of Russell County, Kentucky, case number 21-C-00091 in an attempt to collect the defaulted Heights Note (the "Heights Lawsuit"). A true and accurate copy of the complaint drafted and filed by Mr. Bruce in the Heights Lawsuit (the "Heights Complaint") is filed as Exhibit "B."

14. In the Heights Complaint, Mr. Bruce alleged that Heights was entitled to collect from Ms. Bernard "its attorney's fees to the extent actually paid or agreed to be paid":

> 4. Plaintiff has referred this claim to its attorney who is not a salaried employee. Pursuant to the attached note. Plaintiff is entitled to collect from the Defendant its attorney's fees to the extent actually paid or agreed to be paid.

15. This representation is consistent with both the Heights Note and Kentucky's consumer loan statutes regulating attorney fees, KRS 286.4-533(1)-(3) which states that a consumer loan company "may charge and collect… [a] reasonable attorney's fee, in connection with the collection of a loan, **"actually incurred and paid** to an attorney who is not an employee of the licensee" (bolding added).

16. On June 2, 2021, Mr. Bruce on behalf of Heights filed a motion for default judgment (the "Motion for Default") in the Heights Lawsuit against Ms. Bernard. A true and accurate copy of the Motion for Default is filed as Exhibit "C."

17. Although not alleged in the Heights Complaint, in the Motion for Default Mr. Bruce claimed in the Motion for Default to be entitled to an attorney's fee of $526.07 for his work performed in the Heights Lawsuit to that point.

18. Mr. Bruce *did not, and could not, represent in the Motion for Default that he was entitled to such a fee on grounds that Heights had actually incurred and paid, or agreed to pay, fees of $526.07*. On the contrary, the Motion for Default *instead states that, on the basis of the work he performed and his agreed-upon hourly rate with his client, Heights had only incurred fees of $212.50*:

> **TIME SPENT**
>
> | Activity | Amount of Time (hours) |
> |---|---|
> | Review file, draft complaint prior to filing | 0.3 |
> | Review service of summons by sheriff | 0.25 |
> | Draft Motion for Default Judgment & supporting documents | 0.3 |
> | TOTAL | .85 hours |
>
> .85 hours x $250.00 = $212.50

Ex. C.

19. Despite the above representation, Mr. Bruce claimed that Heights was entitled to recover attorney's fees of $526.07, *more than double the amount Heights incurred and agreed to*

-3-

pay. *Mr. Bruce made his claim for double attorney fees on the preposterous basis he had performed collection work in other cases collecting against other debtors for which Heights did not recover its attorney fees, and for which Mr. Bruce would not receive any compensation*:

> 3. The fee of $526.07 is a reasonable attorney's fee in this action. The fee requested is the same fee that the undersigned charges to the Plaintiff, which is one-third of the amount collected.
>
> 4. The Court is aware that in these cases, there is a good possibility that the Plaintiff will never collect this debt, as it is an unsecured debt. The Court is further aware that there is more time spent collecting the debt than in trying to obtain the judgment.

Ex. C.

20. *The Motion for Default also falsely represented that the Heights Note was an unsecured debt* as specious grounds for its demand for $526.07 in attorney's fees:

> 7. In a collection case, like this one, where the Note is unsecured, the judgment could be uncollectable. The Defendant may not have any assets to pay the debt; he may not make enough through employment to be garnished, may have child support deducted from his wages, may hide assets, or seek protection via bankruptcy.

21. *The Motion for Default also sought to justify the award of double attorney fees of $526.07 on grounds that his representation of Heights was premised upon his having taken other similar cases for which he wasn't paid or paid enough* —grounds which have nothing whatsoever to do with what attorney's fees Heights incurred, paid, or agreed to pay in the Heights Lawsuit:

> 11. For point 2, accepting the case limits the time that I could be handling other cases such as child custody, personal injuries, divorces, or real estate closings. Collections cases, after the judgment is entered, become very time consuming.
>
> 12. The fee of one-third of what is collected is a common fee among attorneys who handle collections cases.
>
> 13. This case does not involve tens of thousands of dollars. Therefore, it takes several cases, and the collection of several cases, to be able to justify handling this type of case.

22. Bruce further represented in the Motion for Default that the demanded attorney's fee of $526.07, which represents one-third of the principal amount of $1,578.23 demanded in the Heights Complaint, was reasonable because it is "the same fee that [Mr. Bruce] charges to [Heights], which is one-third of the amount collected":

> 3. The fee of $526.07 is a reasonable attorney's fee in this action. The fee requested is the same fee that the undersigned charges to the Plaintiff, which is one-third of the amount collected.

23. *However, the Motion for Default also makes clear that Mr. Bruce's agreement with Heights is a pure contingency-fee agreement in which Mr. Bruce simply retains one-third of any amounts he actually collects* from Ms. Bernard:

> 17. The last issue is whether or not the fee is fixed or contingent. In these cases, my fee is contingent. I only get paid if I collect the money, not obtain a judgment, but actually collect funds. If I collect no funds, then I receive no fee.

24. In other words, either Heights incurred, paid, or agreed to pay Mr. Bruce at a rate of $250.00 per hour, in which case Heights incurred and agreed to pay $212.50 in attorney's fees, or Heights did not actually incur, pay, or agree to pay *any* liquidated amount of attorney's fees to Mr. Bruce prior to his actually collecting money from Ms. Bernard, in which case he would retain one-third of any amount he actually collected.

25. *Nevertheless, Mr. Bruce moved for attorney's fees in the amount of $526.07* primarily on the basis of inchoate attorney's fees that *might be* incurred in the future in pursuit of collecting the judgment or to subsidize collection cases where insufficient fees are recovered with fees from the collection of Ms. Bernard. Additionally, Mr. Bruce took the untenable position that he—*not Heights* his client and the actual party to the lawsuit—deserves fees twice the actual fees incurred because he needs additional funds to compensate him for collection cases where he is not compensated as he would like.

26. KRS 286.4-533(3), cited and quoted by Mr. Bruce above, and the attorney's fee provision of the Heights Note, are both clear: the recovery of attorney's fees is limited to fees *paid or actually incurred* by Heights.

27. Even though Defendant Bruce by his own certification to the court admitted he had expended 0.85 hours of legal work time in obtaining the Default Judgment for a total earned fee of $212.50, Bruce claimed $526.07 of attorney's fees in the Default Judgment, thus creating the type of underserved windfall condemned by the Kentucky Supreme Court: "In simple cases in which the debtor makes little or no defense and in default judgment cases where the time and skill required is minimal, to award the maximum may result in a windfall and constitute an abuse of discretion." *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991).

28. The Heights Note is a contract between Heights and Ms. Bernard. Mr. Bruce is not

a party to the Heights Note. Consequently, most if not all the arguments that Mr. Bruce makes in support of finding $526.07 for 0.85 hours of legal work is a reasonable fee have no relevance to Heights's right to recover a reasonable attorney's fee from Ms. Bernard for legal work actually incurred and paid to its collection counsel, *i.e.* Mr. Bruce.

29. Furthermore, if, as the Motion for Default states, Mr. Bruce's agreement with Heights solely provides for him to recover one-third of amounts *collected* from Ms. Bernard, such a contingency agreement provides *no* objective basis for determining whether the award of $526.07 in attorney's fees, which represents one-third of the principal amount of the debt, is a reasonable fee to be *added to* Ms. Bernard's debt:

> Certainly, a contingency fee may be reasonable when *deducted* from a client's recovery. However, in this case, the one-third contingency fee is being *added* to the debtor's judgment without objective evidence of reasonableness. … [T]he circuit court should consider all relevant factors and require proof of reasonableness … demonstrating that its attorney's fee was not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred.

*Key v. Mariner Finance, LLC*, 617 S.W.3d 819, 826 (Ky. Ct. App. 2020).

30. In the Motion for Default, Mr. Bruce implied that the amount of fees he receives in this case depends on the attorney fee award from the Russell District Court. ***This implication is false based upon Mr. Bruce's own characterization of the representation agreement between Mr. Bruce and Heights***. Regardless of the amount of the fee awarded by the court, if any, Mr. Bruce remained entitled to recover *from Heights* one-third of the amount collected pursuant to Mr. Bruce's contingency fee agreement with Heights.

31. Defendant Bruce violated the FDCPA by falsely representing, in the Motion for Default, that he was entitled to attorney's fees of over twice the amount of the fees Heights incurred, paid, or agreed to be paid, and/or falsely representing that a contingency fee of one-third of amounts of the debt collected agreed upon between Mr. Bruce and Heights was instead due and owing from Ms. Bernard and added to her alleged debt under the Heights Note.

## CLAIMS FOR RELIEF

32. The foregoing acts and omissions of Defendant Bruce Bruce constitute violations of the FDCPA, **which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA**. Mr. Bruce violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute. Mr. Bruce's violations of the FDCPA include, but are not limited to, the following:

  **i.**  **Violation of 15 U.S.C. § 1692f (using unfair or unconscionable means to collect or attempt to collect any debt) and 15 U.S.C. § 1692e(5) (threatening to take an action that cannot be legally taken to collect a debt)** by falsely representing in the Motion for Default that Heights was entitled to award of attorney's fees in the amount of one-third of the amount sued for.

  **ii.**  **Violation of 15 U.S.C. § 1692e(2)(A)** by falsely representing in the Motion for Default that Heights was entitled to award of attorney's fees in the amount of one-third of the amount sued for.

  **iii.**  **Violation of 15 U.S.C. § 1692e(2)(B)** by falsely representing in the Motion for Default that Heights was entitled to award of attorney's fees under the Heights Note in the amount of one-third of the amount sued for.

  **iv.**  **Violation of 15 U.S.C. § 1692e(10)** by using false representations and deceptive means to collect or attempt to collect the balance of the Heights Note, including attempting to collect sattorney's fees for legal work that had not been performed and that related on work undertaken by counsel on other cases which in no way relate to Ms. Bernard.

  **v.**  **Violation of 15 U.S.C. § 1692f(1)** by attempting to collect attorney's fees from Ms. Bernard that Heights did not have a contractual right to collect from Ms. Bernard.

  **vi.**  **Violation of 15 U.S.C. § 1692f** by using unfair and unconscionable means to collect claimed attorney's fees not actually incurred or paid by Heights, but rather based on speculative, inchoate fees which had not been incurred and which might never be incurred, and that relate to Mr. Bruce's work on other cases which do not relate in any way to Ms. Bernard.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tabitha Ann Bernard requests the Court grant her relief as follows:

1. Award Plaintiff the maximum statutory damages of one thousand dollars ($1,000) permitted under the FDCPA pursuant to 15 U.S.C. §1692k;

2. Award Plaintiff her actual damages;

3. Award Plaintiff her reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as the Court may adjudge just and proper.

      Submitted by:

      /s/ James R. McKenzie
      James R. McKenzie
      *James R. McKenzie Attorney, PLLC*
      115 S. Sherrin Avenue, Suite 5
      Louisville, KY 40207
      Tel: (502) 371-2179
      Fax: (502) 257-7309
      E-mail: jmckenzie@jmckenzielaw.com
      *Co-counsel for Plaintiff*
      *Tabitha Ann Bernard*

      James H. Lawson
      *Lawson at Law, PLLC*
      P.O. Box 1286
      Russellville, KY 40065
      Tel: (502) 473-6525
      Fax: (502) 473-6561
      E-mail: james@kyconsumerlaw.com
      *Co-counsel for Plaintiff*
      *Tabitha Ann Bernard*