UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00064-GNS

TABITHA ANN BERNARD                                                                                        PLAINTIFF

v.

JAMES E. BRUCE                                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motions to Dismiss (DN 4) and for Leave to File a Sur-Reply (DN 11), and Plaintiff's Motion to Amend (DN 5). The motions are ripe for adjudication.

**I.      SUMMARY OF THE FACTS**

Plaintiff Tabitha Ann Bernard ("Bernard") and Heights Finance Corporation ("HFC") entered into a personal loan agreement in 2015. (Compl. ¶ 6, DN 1). Bernard subsequently defaulted on the loan, and Defendant James E. Bruce ("Bruce"), on behalf of HFC, filed an action in Russell County (Kentucky) District Court to collect the debt. (Compl. ¶¶ 12-13). Bruce later moved for default judgment against Bernard and for an award of attorney's fees. (Compl. ¶¶ 16-17; *see* Compl. Ex. C, DN 1-4 [hereinafter Def.'s Mot. Default J. & Att'y Fees]).

The fee request was based on a provision in the loan agreement requiring Bernard to pay HFC's reasonable attorney's fees. (Compl. ¶ 11 (quoting Compl. Ex. A, at 4, DN 1-2)). Bruce explained that he had expended 0.85 total hours, at a rate of $250 per hour, and was thus entitled to $212.50, but he requested the Russell District Court grant an award in the amount of $526.07,

as "there is more time spent collecting the debt than in trying to obtain the judgment." (Compl. ¶¶ 18-19 (quoting Def.'s Mot. Default J. & Att'y Fees 5-6)).

Bernard initiated this action and claims Bruce violated the Fair Debt Collections Practices Act ("FDCPA") with his request for fees. (Compl. ¶ 32). Bruce moves to dismiss the Complaint, and Bernard moves to amend it. (Def.'s Mot. Dismiss, DN 4; Pl.'s Mot. Leave Amend, DN 5).[1]

## II. DISCUSSION

Bruce claims Bernard lacks Article III standing because she was not injured. (Def.'s Mot. Dismiss 8-12). Article III "[s]tanding has three components: 'The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 360 (6th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). All three must established by "clearly alleg[ing] facts demonstrating" their sufficiency, with each being "indispensable part[s] of the plaintiff's case . . . ." *Id.* (internal quotation marks omitted) (citing *Spokeo*, 578 U.S. at 338; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "The injury-in-fact requirement includes two sub-elements: the injury must be (1) particularized and (2) concrete." *Id.* at 361 (citing *Spokeo*, 578 U.S. at 339); *see Lujan*, 504 U.S. at 560 (explaining that an injury must be "(a) concrete and particularized" and "(b) actual or imminent, not 'conjectural' or 'hypothetical.'" (citations omitted)). The Sixth Circuit explained:

> The FDCPA . . . create[s] [a] cause[] of action against collectors who violate [its] provisions. One might think that a clear statutory directive to open the doors to court would be enough for standing. Not so. Because standing is a constitutional requirement, the fact that a statute purports to create a cause of action does not in isolation create standing. A plaintiff asserting a procedural claim (like an FDCPA

---

[1] Bruce moves for leave to file a sur-reply opposing an amendment. (Def.'s Mot. Leave Sur-Reply, DN 11). Courts may grant leave, but sur-replies are "highly disfavored." *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020) (citations omitted). As discussed below, Bernard's proposed amendments are futile, so the motion is denied as moot.

2

> violation) cannot bring a claim unless she has suffered a concrete injury of some kind.

*Garland v. Orlans, PC*, 999 F.3d 432, 436 (6th Cir. 2021).

The Complaint alleges Bruce sought an award of attorney's fees, but nothing indicates the Russell District Court granted the request. (Compl. ¶ 17). Bruce withdrew his motion and fee request after Bernard's counsel entered an appearance. (Def.'s Mot. Dismiss 11 (citing Def.'s Mot. Dismiss Ex. D, DN 4-4)).[2] Bernard's response to Bruce's motion confirms this, as she contends, "*Had she not* contacted counsel, the Russell District Court *would have* entered default judgment against her that included the full amount of attorney's fees requested. She *would have then* had her wages garnished . . . ." (Pl.'s Resp. Def.'s Mot. Dismiss 23, DN 7 (emphasis added)). Therefore, Bernard's position is reliant upon theoretical injuries about what could have occurred but did not.[3] Additionally, Bernard has not alleged monetary injuries as a result of Bruce's motion. (Compl.). *But see Hrdlicka v. Bruce*, No. 3:21-cv-00033-GFVT, 2022 U.S. Dist. LEXIS 85543, at *8 (E.D. Ky. May 11, 2022) (holding that a plaintiff's injury was sufficiently pled as default judgment was entered against him and funds were wrongfully garnished); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) ("If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III.").

---

[2] Courts may "consider materials in addition to the complaint [at the motion to dismiss stage] if such materials are public records or otherwise appropriate for the taking of judicial notice." *Carr v. Louisville-Jefferson Cnty., Ky. Metro Gov't*, 37 F.4th 389, 392 (6th Cir. 2022) (citation omitted). Therefore, Bruce's motion to withdraw can be properly considered.

[3] Bernard filed a Notice of Supplemental Authority regarding the Sixth Circuit's opinion in *Bouye v. Bruce*, 61 F.4th 485 (6th Cir. 2023). (Notice Suppl. Authority, DN 13). In the state court action preceding *Bouye*, Bruce represented an entity attempting to collect a defaulted debt, but the entity could not establish that it had obtained the right to collect. *Bouye*, 61 F.4th at 487-88. Bouye sued Bruce under the FDCPA, and the Sixth Circuit concluded that she suffered a concrete injury for Article III standing when she was forced to defend herself against the entity's lawsuit, despite it not having the right to collect. *Id.* at 490. In the present action, Bernard entered into the loan agreement with HFC, she defaulted on the debt, and the loan provisions granted HFC the right to collect. (Compl. ¶¶ 6, 12; Compl. Ex. A). Therefore, *Bouye* is distinguishable.

Bernard discusses how Bruce's request for attorney's fees put her "at a materially greater risk of falling victim to 'abusive debt collection practices.'" (Pl.'s Resp. Def.'s Mot. Dismiss 1 (quoting *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 869 (6th Cir. 2020)); Compl. ¶ 32). This "risk of harm" may serve as an injury sufficient alone for standing if "Congress . . . provide[d] procedural rights that protect concrete interests, along with causes of action that allow plaintiffs to vindicate their rights," but Congress cannot confer standing to a plaintiff lacking an injury. *Buchholz*, 946 F.3d at 862, 868 (citation omitted); *see Spokeo*, 578 U.S. at 341-42 ("[I]ntangible injuries can nevertheless be concrete."); *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018) ("[Congress] may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is." (citing *Spokeo*, 578 U.S. at 339-41)). Thus, courts must examine whether the alleged conduct "created a risk of harm that Congress intended to prevent." *Buchholz*, 946 F.3d at 863; *see Spokeo*, 578 U.S. at 341-42.

"[T]he FDCPA's purpose 'is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices' and to 'eliminate abusive debt collection practices by debt collectors . . . .'" *Macy v. GC Servs. L.P.*, 897 F.3d 747, 756 (6th Cir. 2018) (internal citation omitted) (quoting 15 U.S.C. § 1692(e)); *accord Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577 (2010). These protections apply against lawyers in "litigating activities," as the FDCPA "imposes some constraints on a lawyer's advocacy." *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 449 (6th Cir. 2014) (internal quotation marks omitted) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *Jerman*, 559 U.S. at 600); *see Heintz*, 514 U.S. at 294 ("[A] lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts," making them a "debt collector" under the FDCPA). These practices include the use or threat to

4

use violence; making false, deceptive, or misleading representations about a debt's character, amount, or legal status; threatening to take legally untenable action or action not intended to be taken; and forum abuse—filing actions "'in courts which are so distant or inconvenient that consumers are unable to appear' in order for the debt collector to [] obtain a default judgment against the consumer." 15 U.S.C. §§ 1692d, 1692e; *Stratton*, 770 F.3d at 449-50 (internal quotation marks omitted) (citing 15 U.S.C. § 1692i; S. Rep. No. 95-382, at 5 (1977)); *cf. Donovan v. Firstcredit, Inc.*, 983 F.3d 246, 251-52 (6th Cir. 2020) (holding that the risk of public disclosure of a debtor status was sufficient for standing, as involved the invasion of privacy).

Bernard claims Bruce violated the FDCPA by "falsely representing . . . that [HFC] was entitled to [an] award of attorney's fees in the amount of one-third of the amount sued for," by attempting to collect attorney's fees that HFC did not have a contractual right to collect, and for seeking fees not actually incurred but were only speculative. (Compl. ¶ 32).[4] These allegations are undermined by Bernard's own pleadings. The Complaint concedes Bernard entered into the loan agreement with HFC, later defaulting on it, and that the loan agreement provides for Bernard to pay HFC's "reasonable attorney's fees . . . ." (Compl. ¶¶ 6, 11-12). Thus, Bruce was contractually permitted to request an award of reasonable attorney's fees from the Russell District Court on behalf of HFC. Moreover, Bruce's request was not a demand directly to Bernard; it is a request to the Russell District Court, which had discretion to decide whether to award the fees and the amount. *Accord Hawkins v. Bruce*, No. 3:20-CV-686-CRS, 2021 U.S. Dist. LEXIS 66149, at

---

[4] Bernard alleges Bruce violated 15 U.S.C. § 1692e(10) by attempting to collect fees for "work undertaken . . . on other cases which in no way relate to [her case]." (Compl. ¶ 32). Bernard does not allege any facts to infer that Bruce worked on other cases or was seeking fees for work from those cases. (*See* Compl.). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" but generalized assertions without factual support are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Therefore, Bernard's claim fails to this end.

*29 (W.D. Ky. Apr. 6, 2021); *see also Richard v. Caliber Home Loans, Inc.*, 832 F. App'x 940 (6th Cir. 2020) (discussing the trial court's discretion regarding attorney's fees in an action involving violations of the FDCPA). Bruce argued that the award was reasonable, but the ultimate determination was left to the court. (*See generally* Def.'s Mot. Default J. & Att'y Fees 5-7). Consequently, Bernard has not shown an injury necessary to support Article III standing; thus, the Court lacks subject-matter jurisdiction to consider Bernard's claims.

Bernard moves for leave to amend her Complaint to provide "more explicit" allegations of Bruce's conduct. (Pl.'s Mot. Leave Amend 1). The amendment, however, simply includes two more sections of Bruce's motion for attorney's fees, the entirety of which was attached to her original Complaint. (Proposed Am. Compl. ¶ 20, DN 5-1 (quoting Def.'s Mot. Default J. & Att'y Fees 5)). Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleadings with leave from the court and that leave should be "freely give[n] [] when justice so requires." Courts may deny these motions, however, for a myriad of reasons including futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). As Bernard's amendment would only detail factual allegations already provided with her Complaint, and her Complaint cannot survive a motion to dismiss for the reasons above, the proposed amendments are futile. Thus, her motion for leave to amend is denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Leave to Amend the Complaint (DN 5) is **DENIED**, and Defendant's Motion to Dismiss (DN 4) is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED**.

      2.      Defendant's Motion for Leave to File a Sur-Reply (DN 11) is **DENIED AS MOOT**.

      3.      The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 29, 2023

cc:    counsel of record