UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00064-GNS

TABITHA ANN BERNARD                                                                                          PLAINTIFF

v.

JAMES E. BRUCE                                                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment (DN 17). The motion is ripe for adjudication. For the reasons below, the motion is **DENIED**.

### I.   BACKGROUND

Plaintiff initiated this action asserting claims for violations of the Fair Debt Collection Practices Act ("FDCPA") related to Defendant's conduct in a state court collections action. (Compl., DN 1). Defendant moved to dismiss, and the Court dismissed the action. (Def.'s Mot. Dismiss, DN 4; Mem. Op. & Order, DN 15 [hereinafter Dismissal]). Plaintiff subsequently moved to alter or amend the Court's decision dismissing the action. (Pl.'s Mot. Alter or Amend J. 1 [hereinafter Pl.'s Mot.]).

### II.   STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) authorizes litigants to move to alter or amend a judgment within 28 days of its issuance. "Amending or altering a final judgment is an 'extraordinary' measure and motions requesting such amendments are 'sparingly granted.'" *Rollins v. Lane*, No. 4:22CV-P162-JHM, 2023 WL 5154521, at *3 (W.D. Ky. Aug. 10, 2023) (quoting *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 12-91-GFVT, 2016 WL 7971208, at *4 (E.D. Ky. Feb. 9, 2016)). "A

1

motion to alter or amend a judgment will be granted only if there 'is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice.'" *Id.* at \*3 (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A Rule 59(e) motion is not an avenue for a movant to reargue the merits of a claim or to raise arguments not asserted prior to the relevant order. *Id.* (citation omitted).

### III.   ANALYSIS

Plaintiff contends that the Court made a clear error of law when it dismissed the Complaint and denied Plaintiff leave to file an amended complaint. (Pl.'s Mot. 1). Plaintiff argues that this Court misapplied relevant Sixth Circuit and Supreme Court precedent in concluding that Plaintiff did not suffer a cognizable injury and therefore lacked standing to assert her claims. (Pl.'s Mot. 1-5). Plaintiff states that she pled an "imminent" injury caused by Defendant's false representation to the state court that the debt was unsecured, and that the Supreme Court and Sixth Circuit have acknowledged that a request made to a court can satisfy the injury requirement for standing. (Pl.'s Mot. 2-5).

Plaintiff already raised these arguments in her response to Defendant's Motion to Dismiss. (Pl.'s Resp. Def.'s Mot. Dismiss 12-15). This motion is therefore an improper use of Rule 59(e) because it is simply an attempt to reargue Defendant's motion. *See Rollins*, 2023 WL 5154521, at \*3 (citation omitted). Even considering the merits of Plaintiff's motion, however, the Court did not make a clear error of law in granting the motion to dismiss because the cases that Plaintiff relies upon are distinguishable from the instant case.

Plaintiff's argument is premised largely upon two Sixth Circuit cases: (1) *Bouye v. Bruce*, 61 F.4th 485 (6th Cir. 2023); and (2) *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443 (6th Cir. 2014).

2

In *Bouye*, the plaintiff asserted claims for violations of the FDCPA alleging that the defendant, the attorney for the creditor in the underlying state court action, had sued the plaintiff based on a debt that had never actually been assigned to the creditor. *Bouye*, 61 F.4th at 487-88. The Sixth Circuit held that the plaintiff had suffered an injury and therefore had standing to bring her FDCPA claim because "she had to defend against a state lawsuit that [the creditor] had no right to bring in the first place." *Id.* at 490.

In *Stratton*, the Sixth Circuit reversed the trial court's dismissal of a plaintiff's FDCPA claim based on the defendant's representation that the plaintiff owed eight percent interest on a debt in a state court lawsuit even though interest on the debt had been waived. *Stratton*, 770 F.3d at 451. The defendant argued that its request for interest was an "aspirational request" and not representative of the legal status of the debt. *Id.* The Sixth Circuit rejected this reasoning, holding that the defendant's averment that the plaintiff owed eight percent interest in the complaint was "a factual allegation rather than an 'aspirational request.'" *Id.*

*Bouye* and *Stratton* are not controlling here because those cases involved creditors making claims that they did not have a legal basis to pursue. *Bouye*, 61 F.4th at 490; *Stratton*, 770 F.3d at 451. As the Court explained in its dismissal in this instance, Defendant was legally entitled to submit a request for attorney's fees to the state court, which had the authority to grant, grant in part, or deny that request. (Dismissal 5-6). In his motion for attorney's fees, Defendant set forth the relevant legal standard, was candid about the amount of work he had done on the case, attached a copy of the security agreement, and concluded his motion stating that the "factors set forth in this Rule support[] the finding that $526.07 is a reasonable fee." (Compl. Ex. C, at 5-14, DN 1-4). Defendant's request for $526.07 in attorney's fees, therefore, was an "aspirational request"

3

based on a provision in the underlying contract for the state court to exercise its discretion in granting fees as opposed to a misrepresentation of legal entitlement. *Stratton*, 770 F.3d at 451.

Plaintiff has failed to show that the Court made a clear error of law and instead impermissibly seeks to reargue the motion to dismiss. Accordingly, the present motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment (DN 17) is **DENIED.**

Greg N. Stivers, Chief Judge
United States District Court

October 24, 2023

cc: counsel of record